UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

In re:

Steven Dale Deaton,

        Debtor.
_____/

Chapter 7
Case No. 23-02527-5-PWM

MXR Imaging, Inc.,

        Plaintiff,

v.

Steven Dale Deaton,

        Defendant.
_____/

Adversary Proc. No. 23-00102-5-PWM

## JOINT REPORT OF RULE 26(f) PRECONFERENCE

The Parties, by and through their respective undersigned counsel, submit this Preconference Report pursuant to Federal Rule of Civil Procedure 26(f), Federal Rule of Bankruptcy Procedure 7026, and the Court's January 3, 2024 Order Requiring Preconference Report.

On January 30, 2024, the Parties conferred via audioconference. Present were Benjamin S. Morrell and Paul R. Harris (outside counsel for Plaintiff), Robert P. Manetta (General Counsel for Plaintiff), and Philip Sasser (counsel for Defendant). The Parties discussed each of the issues listed below and agreed as follows:

**A.    The issues raised by the pleadings**

The Parties agree that there are no issues raised by the pleadings that require the Court's attention at this time.

**B.     Issues concerning jurisdiction, venue, or the authority of the bankruptcy court**

The Parties agree that there are no issues concerning jurisdiction, venue, or the authority of the bankruptcy court that require the Court's attention at this time.

**C.     If the proceeding is not a core proceeding or is a core proceeding that the court may only hear and determine with the consent of the parties, whether the parties consent to the bankruptcy judge hearing and determining the proceeding pursuant to 28 U.S.C. § 157(c)(2)**

The Parties agree that this is a core proceeding and that the Court has the power to hear and determine this proceeding.

**D.     The disposition of pending motions**

The Parties agree that no motions are pending at this time.

**E.     The necessity, desirability, and timing of amendments to pleadings, joinder of additional parties, the filing of additional motions, and discovery**

The Parties propose a deadline of February 29, 2024, to amend pleadings, join additional parties, and file additional pre-discovery motions, if any. The Parties' proposed deadline regarding discovery is discussed in Section G below.

**F.     The timing and form of disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure, including a statement of when disclosures under (a)(1) were made or should be made**

The Parties propose a deadline of February 29, 2024, to serve initial disclosures, and that the Parties do so in accordance with the requirements of Federal Rule of Civil Procedure 26(a)(1).

**G.     The amount of time that will be needed for discovery**

The Parties propose a deadline of July 31, 2024, for the close of fact discovery.

**H. Changes that should be made in the time limitations on discovery imposed by the Federal Rules of Civil Procedure**

The Parties agree that no changes should be made to the time limitations on discovery imposed by the Federal Rules of Civil Procedure.

**I. Whether use of expert witnesses is contemplated, and if so, when the disclosure of expert information as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure should be required**

The Parties do not at this time anticipate using expert witnesses. However, they reserve the right to do so at a later date and will timely inform the Court if they do.

**J. If a jury demand has been made in a core proceeding, whether the parties consent to a jury trial in the bankruptcy court**

The Parties do not request a jury trial.

**K. Whether the parties have engaged in settlement discussions**

The Parties have discussed the possibility of settlement and agree that further settlement discussions would not be productive at this time, but may be productive as discovery progresses. The Parties anticipate resuming discussions regarding the possibility of settlement near the close of discovery.

**L. Whether the parties have considered voluntary or court ordered mediation and/or arbitration**

The Parties have discussed the possibility of voluntary mediation and agree that mediation would not be productive at this time, but may be productive at a later date. The Parties anticipate resuming discussions regarding the possibility of mediation near the close of discovery. The Parties have considered and do not consent to arbitration.

**M. The need for additional pretrial conferences**

The Parties agree that no additional pretrial conferences are necessary at this time.

**N. Whether there are witnesses whose testimony could be accommodated at deposition or trial by video conferencing, and if so, what stipulations can be made regarding the appearance of witnesses by video conferencing**

The Parties have discussed the possibility of conducting depositions or other proceedings remotely by videoconferencing. The Parties anticipate resuming discussions on this issue as discovery progresses, before depositions begin.

Filed: February 2, 2024

Respectfully Submitted,

| | |
|---|---|
| MXR IMAGING, INC. | STEVEN DEATON |
| By: /s/ *Benjamin S. Morrell* | By: /s/ *Philip Sasser* |
| Benjamin S. Morrell (NC Bar No. 56676) | Philip Sasser (State Bar No. 38479) |
| TAFT STETTINIUS & HOLLISTER LLP | 2000 Regency Parkway, Suite 230 |
| 111 East Wacker Drive, Suite 2600 | Cary, North Carolina 27518 |
| Chicago, IL 60601 | Tel: 919.319.7400 |
| Telephone: (312) 527-4000 | Fax: 919.657.7400 |
| Facsimile: (312) 527-4011 | |
| bmorrell@taftlaw.com | Attorney for Defendant |

Paul R. Harris (special appearance pending)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, OH 44114
Telephone: (216) 241-2838
Facsimile: (216) 241-3707
pharris@taftlaw.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date listed below, I filed the foregoing document using the Court's CM/ECF system, which will effect service upon all counsel of record.

Date: February 2, 2024

By: /s/ *Benjamin S. Morrell*
Benjamin S. Morrell
*Counsel for Plaintiff*